IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSE A. VARGAS, | ) |
| Former No. 11190-089,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-496-JPG |
| | ) |
| Lieutenant Smith, and | ) |
| USA | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff is a former inmate in the Federal Bureau of Prisons. Until May 2017, he was housed at FCI-Greenville. At the time of filing, he was not incarcerated, and he currently resides in Butler, Pennsylvania.

Proceeding *pro se*, Plaintiff filed this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He additionally seeks relief under the Federal Tort Claims Act ("FTCA"). Plaintiff claims that Lieutenant Smith failed to protect him from being assaulted by other inmates. He also alleges that unspecified officials at FCI-Greenville failed to provide necessary medical treatment for the injuries he received during the alleged assault. Plaintiff seeks monetary damages.

Plaintiff has requested leave to proceed *in forma pauperis* ("IFP") (Doc. 2) pursuant to 28 U.S.C. § 1915. Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v.*

---

[1] Because all claims in the Complaint arise from events that occurred during Plaintiff's incarceration at FCI-Greenville, his prison identification number is included for reference.

*Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.,* 105 F.3d 274, 275–77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has done so in the instant case, but the Court's inquiry does not end there.

Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to file IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke*, 490 U.S. at 325; *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing an IFP motion, a district court should inquire into the merits of the claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The Complaint survives preliminary review under this standard. Accordingly, Plaintiff shall be granted leave to proceed IFP, and his Complaint shall receive further review.

## The Complaint

Plaintiff arrived at FCI-Greenville in June of 2016. (Doc. 1, p. 5). Plaintiff immediately sought protection from the "Latin Folks." *Id.* According to Plaintiff, "Latin Folks" is a term used to describe "a litany of street gangs who align together in the federal prison setting." *Id.* Because of an alleged threat to Plaintiff's life from these individuals, Plaintiff was initially placed in the Special Housing Unit. *Id.* On August 2, 2016, Plaintiff met with Lieutenant Smith. *Id.* Plaintiff told Lieutenant Smith that, if he was released into the general population, he would be assaulted. *Id.* Lieutenant Smith disagreed, indicating that the alleged threat was unverified. *Id.* He also told Plaintiff that members of the Latin Folks stated that they had no intention of harming Plaintiff. *Id.* Plaintiff insisted this was just a ruse to get access to Plaintiff. *Id.* Plaintiff told Lieutenant Smith that if he was released into the general population these individuals would assault and possibly kill him. *Id.* He told him he feared for his life and explained why he feared for his life. *Id.* Lieutenant Smith disregarded Plaintiff's concerns. *Id.* On August 9, 2016, after being placed in the general population, Plaintiff was "savagely attacked" by the Latin Folks and suffered serious trauma to his head. *Id.* Following the attack, Plaintiff suffered from headaches, dizziness, and blurred vision. *Id.* Plaintiff also claims that, following the attack, "prison medical personnel" failed to provide necessary medical care and exhibited deliberate indifference to his injuries. *Id.*

## Division of Counts

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Lieutenant Smith failed to protect Plaintiff from an inmate assault on August 9, 2016, by returning Plaintiff to the general population despite a known threat to his safety, in violation of the Eighth Amendment.

**Count 2:** The United States, by and through the negligence or deliberate indifference of Lieutenant Smith, is liable under the FTCA for Plaintiff's assault on August 9, 2016, and for his resulting injuries.

**Count 3:** Unspecified officials exhibited deliberate indifference toward Plaintiff's medical needs, in violation of the Eighth Amendment and *Bivens*, when they failed to provide him with adequate medical care for the injuries he sustained during the assault on August 9, 2016.

## Discussion

A federal prisoner who seeks relief for the misconduct of federal agents has three options for obtaining relief in federal court. He may bring a suit against the United States under the FTCA for misconduct of federal agents that is considered tortious under state law. *Sisk v. United States*, 756 F.2d 497, 500 n. 4 (7th Cir. 1985) (citing 28 U.S.C. §§ 1346(6), 2680). He may bring a suit against the agent for a violation of his constitutional rights under the theory set forth in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). *Id*. Or, he may bring both types of claims in the same suit. *See, e.g., Ting v. United States*, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991). Plaintiff's Complaint raises both types of claims.

### Count 1

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Id*. at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834.

In order for Plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id*.; *Pinkston*, 440 F.3d at 889. Plaintiff also must prove that prison officials were aware of a specific, impending and substantial threat to his safety, often by showing that he complained to prison officials about a specific threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, the defendants had to know that there was a substantial risk that the person who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff has sufficiently stated a failure to protect claim against Lieutenant Smith, at least at this stage. Plaintiff allegedly told Lieutenant Smith that the Latin Folks would assault him if he was released into general population. Nevertheless, Lieutenant Smith released Plaintiff into general population, and Plaintiff was attacked. Count 1 will therefore be allowed to proceed.

**Count 2**

The Court will allow the FTCA claim (Count 1) to proceed against Defendant United States. The FTCA allows "civil actions on claims against the United States, for money damages...for...personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Pursuant to the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014).

FTCA claims are governed by the law of the state where the tort occurred. *Parrott v. United States*, 536 F.3d 629, 637 (7th Cir. 2008). *See also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). In this case, Illinois law applies. To state a negligence claim under Illinois law, a complaint must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citing *Iseberg v. Gross*, 879 N.E.2d 278 (2007)). In the Complaint, Plaintiff names the United States in connection with the subject assault. He blames the assault on the negligence or deliberate indifference of Lieutenant Smith. The Complaint supports an FTCA claim at this early stage, and Count 2 shall receive further review.

**Count 3**

The medical needs claim is subject to dismissal without prejudice. The Complaint does not suggest that any particular defendant denied Plaintiff adequate medical care following the assault. Instead, the Complaint directs this claim against medical personnel. This is insufficient. To state a § 1983 claim against an individual, Plaintiff must specifically identify that individual, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). That is, Plaintiff must identify a particular individual (not block groups of individuals) who deprived Plaintiff of his constitutional rights. This is because plaintiffs are required to associate specific defendants with specific claims, so defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. *See Collins v. Kibort*,

143 F.3d 331, 334 (7th Cir. 1998).² Additionally, to be properly considered a party, an individual must be specified in the case caption. *Myles v. United states,* 416 F.3d 551, 551-52 (7th Cir. 2005).

Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for disposition.

### Disposition

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** (directed against **LIEUTENANT SMITH**) and **COUNT 2** (directed against the **UNITED STATES**) shall proceed.

**IT IS ORDERED** that, with respect to **COUNT 2,** the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES**; the Clerk shall issue the completed summons. **FURTHER**, with regard to **COUNT 1**, The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **LIEUTENANT SMITH**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **LIEUTENANT SMITH** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall

---

² Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED. R. CIV. P. 4(e)-(j)).

be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 4, 2018**

                **s/J. Phil Gilbert**
                **J. PHIL GILBERT**
                **United States District Judge**